■ EDWARD C. COSGROVE, as District Attorney of Erie County, Respondent, v CLOUD BOOKS, INC., Doing Business as VILLAGE BOOK AND NEWS, et al., Appellants. — Order unanimously reversed, with costs, and motion granted in accordance with the following memorandum: The District Attorney of Erie County instituted a civil action pursuant to CPLR 6330 seeking a permanent injunction of the sale or distribution by defendants of 14 named publications, alleged to be obscene, and all other future publications within the ambit of CPLR 6330 or section 235.00 of the Penal Law. Defendants' motion for partial summary judgment dismissing the complaint insofar as it seeks to enjoin the future sale or distribution of materials as yet undetermined should have been granted as such relief would be in clear violation of defendants' First Amend-

ment rights. The constitutionality of the injunctive procedure now embodied in CPLR 6330, formerly section 22-a of the Code of Criminal Procedure, was tested in *Brown v Kingsley Books* (1 NY2d 177, affd 354 US 436). The Corporation Counsel of the City of New York there sought to enjoin the distribution not only of certain existing publications but also of subsequent issues of the same series. The trial court refused to construe the statute as providing for such blanket relief on the grounds that it would be an unreasonable prior restraint on freedom of the press *(Burke v Kingsley Books,* 208 Misc 150, 168-169). That position was affirmed by the Court of Appeals (1 NY2d 177, 187, *supra)* and by the Supreme Court, which, in an opinion by Justice Frankfurter, distinguished between the New York injunctive procedure as construed by the trial court and a Minnesota injunctive procedure which had been stricken as unconstitutional in *Near v Minnesota* (283 US 697): "Minnesota empowered its courts to enjoin the dissemination of future issues of a publication because its past issues had been found offensive * * * Unlike *Near,* § 22-a is concerned solely with obscenity and, as authoritatively construed, it studiously withholds restraint upon matters not already published and not yet found to be offensive" (354 US 436, *supra).* Plaintiff contends, however, that the relief he seeks does not involve an impermissible prior restraint. He argues that obscene literature is not afforded First Amendment protection *(Miller v California,* 413 US 15) so that, if the material is later judicially determined to be obscene, defendants' constitutional rights would not have been abridged. Defendants would be sufficiently apprised of which materials are prohibited through the definitions contained in CPLR 6330 and in section 235.00 of the Penal Law and thus would face no greater prior restraint or self-censorship than they do from the existence of the sanctions of the Penal Law. Those arguments were authoritatively rejected in *Universal Amusement Co. v Vance* (587 F2d 159, affd 445 US 308, reh den 446 US 947), in which the court struck a Texas public nuisance statute which permitted an injunction on the future exhibition of unnamed films. Noting that a prior restraint of expression comes before the court with "a heavy presumption against its constitutional validity" *(Bantam Books v Sullivan,* 372 US 58, 70), the court went on to find that the statute, insofar as it pertained to obscenity, was patently unconstitutional in that it would prohibit future conduct which might fall within the purview of the First Amendment solely on the basis of a determination of present illegal conduct. "This statutory scheme obviously encourages a theater operator to steer wide of the danger zone by avoiding boarderline films that are nonetheless protected under the First Amendment. The line between obscenity and protected speech is 'dim and uncertain.' *Bantam Books, Inc. v. Sullivan, supra,* 372 U.S. at 66 * * * and difficulty in locating that line leads to self censorship, a particularly subtle and most insidious form of the malady" *(Universal Amusement Co. v Vance, supra,* p 166). The relief sought by the District Attorney falls squarely within the holdings of *Universal Amusement* and *Brown (supra).* Defendants would be forced to engage in a form of self-censorship in direct contravention of the protections guaranteed by the First Amendment. While we recognize the legitimate concern of the District Attorney in preventing the sale of obscene material, that interest can be served by utilizing the mechanism provided by CPLR 6330 with respect to existing publications named in the complaint. With respect to those publications, there are factual issues to be determined, including the threshold issue of whether or not they constitute obscene materials. It was error, however, for the court to order an immediate trial in view of the fact that issue had been joined only a few days before, no note of issue or certificate of readiness had been filed; and there has been no opportunity for discovery. (Appeal from order of Erie Supreme Court, Mattina,

J. — partial summary judgment.) Present — Simons, J. P., Hancock, Jr., Callahan, Denman and Schnepp, JJ.